# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES STILE, | : |
| Petitioner | : CIVIL ACTION NO. 3:19-0680 |
| v | : (JUDGE MANNION) |
| Warden WHITE, | : |
| Respondent | : |

## MEMORANDUM

### I. Background

On April 22, 2019, Petitioner, James Stile, a former inmate confined at the Allenwood Low Security Correctional Institution, White Deer, Pennsylvania, filed the above captioned petition for writ of habeas corpus, pursuant to 28 U.S.C. §2241. (Doc. 1, petition).

Stile alleges that Bureau of Prisons (BOP) incorrectly computed his good conduct time in accordance with the Second Chance and First Step Acts. Id. For relief, Stile requests seventy (70) days of good conduct time credit which he claims the BOP failed to award him. Id.

On June 19, 2020, Respondents filed a suggestion of mootness, indicating that Stile had been released from custody on May 27, 2020. (Doc. 21).

For the reasons set forth below, the instant petition will be dismissed as moot.

**II.   Discussion**

The case or controversy requirement of Article III, §2 of the United States Constitution subsists through all stages of federal judicial proceedings. Parties must continue to have a "personal stake in the outcome of the lawsuit." Lewis v. Continental Bank Corp., 494 U.S. 472, 477–78 (1990); Preiser v. Newkirk, 422 U.S. 395, 401 (1975). In other words, throughout the course of the action, the aggrieved party must suffer or be threatened with actual injury caused by the defendant. Lewis, 494 U.S. at 477.

The adjudicatory power of a federal court depends upon "the continuing existence of a live and acute controversy." Steffel v. Thompson, 415 U.S. 452, 459 (1974) (emphasis in original). "The rule in federal cases is that an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." Id. at n.10 (citations omitted). "Past exposure to illegal conduct is insufficient to sustain a present case or controversy ... if unaccompanied by continuing, present adverse effects." Rosenberg v. Meese, 622 F.Supp. 1451, 1462 (S.D.N.Y. 1985) (citing

O'Shea v. Littleton, 414 U.S. 488 (1974)). "[A] petition for habeas corpus relief generally becomes moot when a prisoner is released from custody before the court has addressed the merits of the petition." Lane v. Williams, 455 U.S. 624, 631 (1982).

In the instant case, because Stile has been released from custody, and there is no further relief available to him, his habeas petition has been rendered moot. See Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698-99 (3d Cir. 1996) (finding that "[i]f developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot."). See also Rodriguez-Leon v. Warden, 602 F. App'x 854 (3d Cir. 2015); Scott v. Schuylkill FCI, 298 F. App'x 202 (3d Cir. 2008); Scott v. Holt, 297 F. App'x 154 (3d Cir. 2008). An appropriate Order will enter.

## III. <u>Conclusion</u>

For the reasons stated above, the petition for a writ of habeas corpus will be **DISMISSED**. An appropriate order will follow.

<i>s/ Malachy E. Mannion</i>

**MALACHY E. MANNION**
**United States District Judge**

**Date: June 30, 2020**
19-0680-01